Dear Senator Crowe:
Your request for an Attorney General's Opinion regarding the application of a sales and use tax on the occupancy of hotel rooms has been assigned to me for research and reply.
You indicated that there are several overnight camping facilities in St. Tammany Parish that cater to hurricane recovery workers who enter into month-to-month leases. Due to the proximity of St. Tammany Parish to the State of Mississippi, the parish's overnight camping facilities are in competition with similar facilities in that state. Further, you understand that, unlike Louisiana, Mississippi does not charge a sales and use tax on the occupancy of overnight camping facilities. You feel that St. Tammany Parish overnight camping facilities are losing the hurricane recovery workers' business to Mississippi facilities.
The State of Louisiana, St. Tammany Parish and the St. Tammany Parish Tourist and Convention Commission are all authorized to levy and collect a sales and use tax on the occupancy of "hotel" rooms.[1] In each of their respective tax authorization statutes, a "hotel" is defined to include overnight camping facilities that sell rooms or other accommodations to "transient guests."[2]
You question whether the term "transient guests" as used in La.R.S. 47:301(6)(b), La.R.S. 33:4754.1(A)(1)(b) and La.R.S. 33:4574.1.1 (C)(1) encompasses hurricane recovery workers who sign month-to-month leases.
The Louisiana Department of Revenue has addressed this issue in Revenue Ruling No. 07-003, a copy of which is enclosed for your convenience. In its ruling, the department found that the assessment of whether occupancy is transient or permanent is not determined by the amount of time spent at a location but by its character of use. Further, the department ruled, in pertinent part, as follows: *Page 2 
 [L]ength of time of use and method of payment are essential elements of one who is a permanent resident, but in and of themselves do not establish the permanency of the use. If the use is that of a hotel, then the character of the use is transient, and the use is taxable. However, if the purpose of the use is that of permanent residence, then the user is considered permanent. Fulfillment of several factors including but not limited to physical presence, long term use, the contractual nature of the arrangement, and the permanency of the habitation are essential components to establishing the character of the use as that of permanent residence or home. Only the use of a hotel as a permanent residence or home by a natural person is excluded from payment of sales tax.
 Article 61:l.4301(C)Hotel(b) of the Louisiana Administrative Code now provides that for the transaction to be considered a rental as a permanent residence to permanent occupants, the physical properties of the space must provide the basic elements of a home, including full-sized and integrated kitchen appliances and facilities. Additionally, the occupant must use the facilities of the hotel as a home with the intent to permanently remain. When all conditions of the above two standards are met, the occupant may be considered non-transient for the purposes of the state and local sales or use tax. A lease with a hotel for a period of not less than one year will be considered as evidence in support of permanent residency status, when the area rented contained the required physical properties of the hotel accommodations at the beginning of the lease. Proof that hotel accommodations contain the requisite physical properties of a home or permanent residence, and the hotel accommodations within a unit are continuously rented by one person or family uninterrupted for a period greater than one year will be considered as evidence in support of permanent residency status. The Department may require additional evidentiary support of claims of non-transient status.
We concur with the department's reasoning. In this case, it is doubtful that the physical properties of the overnight camping facilities in question provide the basic elements of a home, including full-sized and integrated kitchen appliances and facilities. Moreover, the hurricane recovery workers are not using the overnight camping facilities as a home with the intent to permanently remain. Further, the you indicated that these workers are entering into month-to-month leases with the overnight camping facilities, and Revenue Ruling No. 07-003 requires leases of at least a year for their occupancy to be considered permanent.
Thus, considering the forgoing authorities, it is the opinion of this office that the term "transient guests" as used in La.R.S. 47:301(6)(b), La.R.S. 33:4754.1(A)(1)(b) and La.R.S. 33:4574.1.1(C)(1) does encompass hurricane recovery workers who sign month-to-month leases with overnight camping facilities. *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: ___________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II
[1] La.R.S. 47:301(6); La.R.S. 33:4754.1; La.R.S. 33:4574.1.1.
[2] Id.